UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY STRATOS,<br><br>    Petitioner,<br><br>    v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>    Respondent. | No. 2:20-cv-2302 AC P<br><br><br>ORDER |

    Petitioner, a federal prisoner proceeding through counsel, has filed a petition for a writ of habeas corpus.

    Although the petition was filed as a separate action under 28 U.S.C. § 2241, the petition itself states that it is brought under 28 U.S.C. § 2255 (ECF No. 1 at 4) and challenges petitioner's conviction rather than the manner in which his sentence is being executed. Accordingly, it plainly appears that the petition is in fact a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255, which should have been filed in the underlying criminal case, United States v. Stratos, 2:11-cr-0537 TLN.

    Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28

1  U.S.C. § 2255(a).  A motion that is in substance a habeas petition "should be treated

2  accordingly."  Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) (construing a Rule 60(b) motion as

3  a successive habeas petition).  Thus, an application filed in the sentencing court, and substantively

4  within the scope of § 2255, is a motion under § 2255, regardless of how the prisoner captions the

5  application.  United States v. Buenrostro, 638 F.3d 720, 722 (9th Cir. 2011) (citing Gonzalez, 545

6  U.S. at 531).

7      Although petitioner is represented by counsel, the court will provide petitioner with the

8  same notice of intent to recharacterize this petition as it would if he were proceeding pro se.  As

9  the Ninth Circuit Court of Appeals explained:

> When presented with a pro se motion that could be recharacterized as a 28 U.S.C. § 2255 motion, a district court should not so recharacterize the motion unless: (a) the pro se prisoner, with knowledge of the potential adverse consequences of such a recharacterization, consents or (b) the district court finds that because of the relief sought that the motion should be recharacterized as a 28 U.S.C. § 2255 motion and offers the pro se prisoner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion.  Under either scenario, the pro se prisoner has the option to withdraw the motion and file one all-inclusive 28 U.S.C. § 2255 motion within the one-year statutory period.

17  United States v. Seesing, 234 F.3d 456, 464 (9th Cir. 2001).  If this is not done, a recharacterized

18  motion will not count as a § 2255 motion for purposes of applying § 2255's "second or

19  successive" provision.  Castro v. United States, 540 U.S. 375, 377 (2003).

20      Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), before a

21  second or successive § 2255 motion is filed, it

> must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28  28 U.S.C. § 2255(h).  Therefore, if a prisoner seeks to assert a claim that was not presented in his

first § 2255 motion, he must move for certification from the court of appeals to file a second or successive motion and the district court lacks jurisdiction to consider the second or successive motion absent such prior certification.  Id.

Here, petitioner has not previously filed a § 2255 motion.  Accordingly, recharacterizing the instant § 2241 petition as a § 2255 motion does not run afoul of the prohibition against second or successive § 2255 motions.  Moreover, if petitioner consents to the recharacterization of his petition and the filing date is preserved, it appears that the statute of limitations governing § 2255 relief will not be exceeded in petitioner's case, since it appears that petitioner's sentence became final on November 19, 2019,[1] and the instant petition was filed on November 18, 2020.  For these reasons, it does not appear that recharacterizing the § 2241 petition as a § 2255 motion would bar petitioner from relief on the merits of the motion due to a statute of limitations bar.

The court therefore notifies petitioner that in order for the court to consider his claims for relief he must either consent to the recharacterization of his § 2241 petition as a motion for habeas relief under § 2255, or withdraw the instant petition and file a motion for relief pursuant to § 2255 in a single, all-inclusive motion in United States v. Stratos.[2]  If petitioner objects to the recharacterization of his petition as a motion under § 2255, he must explain the grounds for his objection and why this petition is properly considered under § 2241.

Accordingly, IT IS HEREBY ORDERED that within five days from the service of this order, petitioner shall notify the court whether he consents to the court recharacterizing his § 2241 petition as a § 2255 motion or whether he seeks to withdraw the § 2241 petition so that he may file a § 2255 motion in his criminal case.

DATED: December 11, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1]  Judgment was entered on December 14, 2016 (Stratos I, ECF No. 348), and petitioner promptly filed a notice of appeal on December 20, 2016 (Stratos I, ECF No. 352).  The Ninth Circuit affirmed judgment on August 21, 2019 (Stratos I, ECF No. 396), and it does not appear that petitioner filed a petition for a writ of certiorari.

[2]  The court does not guarantee that petitioner would be able to demonstrate that his § 2255 motion is timely should he choose to withdraw and re-file.